NORTHERN DISTRICT OF TEXAS
FILED

JUN 29 2015

CLERK, U.S. DISTRICT COURT
By _____
           Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

LYNDOLL THOMAS CLARK,          §
                               §
          Plaintiff,           §
                               §
VS.                            §   NO. 4:15-CV-360-A
                               §
DEE ANDERSON, ET AL.,          §
                               §
          Defendants.          §

## MEMORANDUM OPINION
and
## ORDER

Now before the court for consideration is the amended
complaint pursuant to 42 U.S.C. § 1983 filed in the above-
captioned action by plaintiff, Lyndoll Thomas Clark, against
defendants, Dee Anderson, T. Randall, A. Dennis, D. Denton, J.
Arroyo, M. De La Cruz, John Doe, K. Foster, Captain Pedigo,
Flennoy, Corporal Combs, Joe Shannon, Valerie Baston, and
Davidson.  Having considered the amended complaint and applicable
legal authorities, the court concludes that the action should be
dismissed in part.

Plaintiff's twenty-nine page amended complaint states that
(1) he is entitled to forensic testing of a piece of evidence;
(2) D. Denton's improper supervision of his subordinates led to
plaintiff being subjected to the use of excessive force; (3) J.
Arroyo, M. De La Cruz, and John Doe utilized excessive force
against plaintiff; (4) K. Foster violated his First Amendment

right to free exercise of religion; (5) Captain Pedigo failed to supervise K. Foster, leading to the violation of plaintiff's First Amendment right to free exercise of religion; (6) defendants Flennoy and Corporal Combs denied plaintiff sufficient indigent supplies; (7) Joe Shannon discriminated against him by "allowing a panel of Grand Juriors [sic] to view untruthful, unlawful, faulty evidence . . . ", Am. Compl. at unnumbered p. 16; (8) Valerie Baston discriminated against plaintiff by "filing suit against plaintiffs [sic] . . . 1998 Dodge Ram 1500 pickup . . . ", id. at 17; and (9) Davidson "impeded" plaintiff's rights under the Fifth and Fourteenth Amendments of the United States Constitution and his Section 19 rights under the Texas State Constitution.

A.   Standards Under 28 U.S.C. § 1915A and for Failure to State a Claim

Plaintiff is incarcerated in the Tarrant County Jail.  As a prisoner seeking redress from a government official, plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A, regardless of whether he is proceeding in forma pauperis.  See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998).  Section 1915A(b)(1) provides for sua sponte dismissal if the court finds that the complaint fails to state a claim upon which relief may be granted.

Rule 8(a)(2) of the Federal Rules of Civil Procedure
provides, in a general way, the applicable standard of pleading.
It requires that a complaint contain "a short and plain statement
of the claim showing that the pleader is entitled to relief,"
Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair
notice of what the claim is and the grounds upon which it rests,"
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal
quotation marks and ellipsis omitted).  Although a complaint need
not contain detailed factual allegations, the "showing"
contemplated by Rule 8 requires the plaintiff, in order to state
a claim, to do more than simply allege legal conclusions or
recite the elements of a cause of action.  Twombly, 550 U.S. at
555 & n.3.  Thus, while a court must accept all of the factual
allegations in the complaint as true, it need not credit bare
legal conclusions that are unsupported by any factual
underpinnings.  See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)
("While legal conclusions can provide the framework of a
complaint, they must be supported by factual allegations.").

Moreover, to avoid dismissal for failure to state a claim,
the facts pleaded must allow the court to infer that the
plaintiff's right to relief is plausible.  Id.  To allege a
plausible right to relief, the facts pleaded must suggest
liability; allegations that are merely consistent with unlawful

3

conduct are insufficient. <u>Twombly</u>, 550 U.S. at 566-69.

"Determining whether a complaint states a plausible claim for

relief . . . [is] a context-specific task that requires the

reviewing court to draw on its judicial experience and common

sense." <u>Iqbal</u>, 556 U.S. at 679.

B.    <u>Claims That Are Subject to Dismissal Pursuant to 28 U.S.C.
      § 1915A(b)(1)</u>

    Having now considered the claims and causes of action

alleged by plaintiff, the court concludes that, with the

exception of plaintiff's excessive force claim against defendants

J. Arroyo and M. De La Cruz, all other claims and causes of

action except state law claims should be dismissed pursuant to

the authority of 28 U.S.C. § 1915A(b)(1).

    1.    <u>Request for Forensic Testing</u>

    Plaintiff's amended complaint states, in a conclusory

manner, that he would be exonerated of an allegation against him

if a piece of evidence was sent to a forensics laboratory to have

such evidence tested for fingerprints. Plaintiff's amended

complaint does not state what he is alleged to have done or what

evidence he is referring to. His amended complaint asserts this

cause of action against defendants Dee Anderson, T. Randall, and

A. Dennis. This claim is not pleaded with sufficient

particularity to raise the request for relief above a speculative level, and for that reason, such claim should be dismissed.

    2.   <u>Failure to Supervise</u>

     Plaintiff's claims against D. Denton and Captain Pedigo appear to be based solely on those parties' roles as supervisors. Plaintiff's amended complaint states that D. Denton's failure to supervise Arroyo, De La Cruz, and John Doe led to their use of excessive force against plaintiff, and that Captain Pedigo's failure to supervise K. Foster led to a violation of plaintiff's First Amendment right to free exercise of religion.  It is well-settled that supervisory officials cannot be liable under § 1983 on any theory of vicarious liability.  Rather, "[p]ersonal involvement is an essential element of a civil rights cause of action."  <u>Thompson v. Steele</u>, 709 F.2d 381, 382 (5th Cir. 1983). Thus, supervisors may only be held liable under § 1983 if they either actively participated in the acts that caused the constitutional violation, or if they "implement[ed] unconstitutional policies that causally result[ed] in plaintiff's injury." <u>Mouille v. City of Live Oak, Tex.</u>, 977 F.2d 924, 929 (5th Cir. 1992); <u>see also</u> <u>Thompkins v. Belt</u>, 828 F.2d 298, 304 (5th Cir. 1987).  No facts are alleged that would support a conclusion of any such conduct on the part of D. Denton or Captain Pedigo.  Because failure to supervise claims are not

otherwise cognizable under § 1983, plaintiff's amended complaint fails to state a claim upon which relief may be granted as to D. Denton and Captain Pedigo and thus such claims should be dismissed.

    3.   <u>Excessive Force Claim</u>

Plaintiff's amended complaint alleges that J. Arroyo, M. De La Cruz, and John Doe utilized excessive force, resulting in the "tearing and separating [of] the muscles and ligaments on [plaintiff's] right shoulder . . . ." Am. Compl. at unnumbered p. 12. It is unclear whether, when the event in question occurred, plaintiff was in custody awaiting trial or in custody serving a sentence imposed upon him. For that reason, it is unclear whether plaintiff is asserting a claim under the Eighth or Fourteenth Amendments.[1] However, a claim of excessive force brought by a pretrial detainee "is subject to the same analysis as a convicted prisoner's claim for use of excessive force under the Eighth Amendment." <u>Kitchen v. Dallas Cnty., Tex.</u>, 759 F.3d 468, 477 (5th Cir. 2014).[2] Plaintiff's amended complaint alleges sufficient facts against defendants J. Arroyo and M. De La Cruz.

---

[1] The complaint itself claims such assault was a violation of his Fifth and Eighth Amendment rights.

[2] The court recognizes that this holding is called into question by the Supreme Court's recent decision in <u>Kingsley v. Hendrickson</u>, No. 14-6368, 2015 WL 2473447, at *9 (2015).

With regard to plaintiff's claims against "John Doe," if and when plaintiff determines the actual identity of John Doe, plaintiff may seek leave of court at that time to amend his complaint.  At this time those claims are being dismissed without prejudice.

4.   First Amendment Claim

Plaintiff's amended complaint states that defendant K. Foster failed to return to plaintiff a spiritual book and that plaintiff then had to order another copy from the publisher. Plaintiff's amended complaint as to this claim is too vague to raise a right to relief above the speculative level.  "It is well established that inmates retain their First Amendment right to exercise religion." Hicks v. Garner, 69 F.3d 22, 25 (5th Cir. 1995).  However, "[a] restriction impinging on an inmate's constitutional rights must be upheld if it is reasonably related to legitimate penological interests." McFaul v. Valenzuela, 684 F.3d 564, 572 (5th Cir. 2012).  Plaintiff's amended complaint gives no factual information as to how or why the book was confiscated or the book's relation to plaintiff's ability to freely exercise his religion, nor even what religion he purports to exercise.  For that reason, plaintiff's amended complaint does not state a claim upon which relief may be granted as to K.

Foster under § 1983, and therefore such claim should be dismissed.

### 5.  Claims Regarding Indigent Supplies

Plaintiff's amended complaint alleges that defendants Flennoy and Corporal Combs intentionally and knowingly discriminated against him by not providing him sufficient "indigent supplies."  Plaintiff does not plead with specificity what supplies he was denied or what, if any, harm he experienced from such denial.  For that reason, plaintiff's amended complaint fails to state a claim regarding his allegations against Flennoy and Corporal Combs and therefore such claims should be dismissed.

### 6.  Claim Regarding Evidence Before the Grand Jury

Plaintiff's amended complaint states that Joe Shannon "allow[ed] a panel of Grand Juriors [sic] to view untruthful, unlawful, faulty evidence . . . ."  Am. Compl. at unnumbered p. 16.  Plaintiff has failed to state a claim against Joe Shannon under § 1983, and such claim should be dismissed, because he as a prosecutor, has absolute immunity.  See Kalina v. Fletcher, 118 U.S. 124-25 (1997).

### 7.  Claim Regarding Valerie Baston

Plaintiff's amended complaint states that Valerie Baston filed suit against plaintiff's Dodge Ram truck.  He then pleads that the Saginaw Police Department released that truck into the

custody of a James Stuart Tucker.  Plaintiff's amended complaint

does not state what "official position" Valerie Baston holds, Am.

Compl. at unnumbered p. 17, nor does it explain how the filing of

a lawsuit violated his Fifth Amendment rights.  For that reason,

plaintiff's amended complaint fails to state a claim against

Valerie Baston, and therefore, such claim should be dismissed.

  8. <u>Claim Regarding Davidson</u>

 Plaintiff's amended complaint states that "Ms [sic] Davidson

did then and there intentionally and knowingly impede Plaintiffs

[sic] Due Process Clause [rights] . . . ."  Am. Compl. at

unnumbered p. 18.  Plaintiff makes no factual allegations to

support that claim, but instead relies solely on a legal

conclusion.  For that reason, plaintiff's claims and causes of

action against such defendant should be dismissed.

C. <u>State Law Claims</u>

 As plaintiff's amended complaint fails to state a claim

under federal law against defendants Dee Anderson, T. Randall, A.

Dennis, D. Denton, K. Foster, Captain Pedigo, Flennoy, Corporal

Combs, Joe Shannon, Valerie Baston, and Davidson, the court

declines to exercise subject matter jurisdiction to consider any

state law claims plaintiff purports to assert against those

defendants in his amended complaint.  The court has concluded

that it should decline to exercise supplemental jurisdiction over

those state law claims by reason of the exceptional circumstances that no federal law claims are now being asserted against any of those defendants and that it would be highly inappropriate to cause those defendants to remain a party to this action simply because plaintiff has alleged state law claims, over which this court normally would not have jurisdiction, against those defendants.  See 28 U.S.C. § 1367(c)(4).  For that reason, such claims and causes of action should be dismissed without prejudice.

D.   Dismissal Orders

Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiff against defendants Dee Anderson, T. Randall, A. Dennis, D. Denton, K. Foster, Captain Pedigo, Flennoy, Corporal Combs, Joe Shannon, Valerie Baston, and Davidson in the above-captioned action, except any state law claims, be, and are hereby, dismissed pursuant to the authority of 28 U.S.C. § 1915A.

The court further ORDERS that all claims and causes of action asserted by plaintiff against defendants Dee Anderson, T. Randall, A. Dennis, D. Denton, K. Foster, Captain Pedigo, Flennoy, Corporal Combs, Joe Shannon, Valerie Baston, and

Davidson under state law be, and are hereby, dismissed without prejudice.

The court further ORDERS that all claims and causes of action asserted by plaintiff against John Doe be, and are hereby, dismissed without prejudice.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to all dismissals accomplished by the orders set forth above.

E.   Order Requiring Plaintiff to File a Second Amended Complaint

The court further ORDERS plaintiff, by 4:00 p.m. on July 24, 2015, file a second amended complaint, asserting only his claims of excessive force against defendants J. Arroyo and M. De La Cruz, that complies with (1) the requirements of Rule 8(a), and Rule 10 of the Federal Rules of Civil Procedure; (2) the Local Civil Rules of the United States District Court for the Northern District of Texas; and (3) the undersigned's judge-specific requirements as set forth in the form status report order available at

http://www.txnd.uscourts.gov/judges/jmcbryde_req.html.

The court further ORDERS that failure of plaintiff to comply with this order may result in the imposition of sanctions, up to and including dismissal of plaintiff's claims, without further notice.

F.   <u>Order Re Change in Style of Action</u>

By reason of the dismissals ordered above, the court is ordering that the style of the above-captioned action be changed so that from this point forward it will be "Lyndoll Thomas Clark, Plaintiff v. J. Arroyo and M. De La Cruz, Defendants"; and, the court ORDERS that all future pleadings filed in this action bear such style.

SIGNED June 29, 2015.

JOHN McBRYDE
United States District Judge

12